

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 18-CR-10350 LTS |
| | ) |
| v. | ) Violations: |
| | ) |
| (1) DANIEL HERNANDEZ IXTA and | ) Count One: Conspiracy to Distribute and to |
| (2) DAVID CRUZ VEGA | ) Possess with Intent to Distribute 400 Grams or |
| | ) More of Fentanyl and One Kilogram or More of |
| Defendants | ) Heroin |
| | ) (21 U.S.C. § 846) |
| | ) |
| | ) Count Two: Distribution of and Possession with |
| | ) Intent to Distribute 400 Grams or More of |
| | ) Fentanyl and One Kilogram or More of Heroin |
| | ) (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i) and (vi)) |
| | ) |
| | ) Forfeiture Allegation: |
| | ) (21 U.S.C. § 853) |

SUPERSEDING INDICTMENT

COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
400 Grams or More of Fentanyl and One Kilogram or More of Heroin
(21 U.S.C. § 846)

The Grand Jury charges that:

From on or about August 24, 2018, through August 29, 2018, in North Andover, in the District of Massachusetts, and elsewhere, the defendants,

(1) DANIEL HERNANDEZ IXTA and
(2) DAVID CRUZ VEGA,

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide,

also known as fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1).

It is further alleged that the offense charged in Count One involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, 21 U.S.C. §§ 841(b)(1)(A)(i) and (vi) are applicable to this Count.

It is further alleged that, with respect to Count One, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, were reasonably foreseeable by, and are attributable to, (1) DANIEL HERNANDEZ IXTA and (2) DAVID CRUZ VEGA. Accordingly, 21 U.S.C. §§ 841(b)(1)(A)(i) and (iv) are applicable to defendants (1) DANIEL HERNANDEZ IXTA and (2) DAVID CRUZ VEGA.

All in violation of Title 21, United States Code, Section 846.

COUNT TWO
Distribution of and Possession with Intent to Distribute
400 Grams or More of Fentanyl and One Kilogram or More of Heroin
(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i) and (vi))

The Grand Jury further charges that:

On or about August 29, 2018, at North Andover, in the District of Massachusetts, and elsewhere, the defendant,

(1) DANIEL HERNANDEZ IXTA,

did knowingly and intentionally distribute and possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(i) and (vi).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 841, set forth in Count One of this Superseding Indictment, the defendants,

(1) DANIEL HERNANDEZ IXTA and
(2) DAVID CRUZ VEGA

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
JARED C. DOLAN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: October 31, 2018
Returned into the District Court by the Grand Jurors and filed.

_____
Kellyann Moore
Deputy Clerk
10/31/18 @ 11:44am